CHARLES THAYER v. JASON SWIFT et al.

It is the settled practice of this Court in an affidavit of merits, to require the party to state what such merits are.

Where a party applies for leave to take testimony, after the time allowed by the rules has expired, he must state in his application what he expects to be able to prove by the witnesses he seeks leave to examine.

A complainant seeking to set aside the rules of the Court, will be compelled to make as strong a case, as a defendant to set aside a default.

Where complainant had allowed the time given by the rules of Court to take testimony to expire, without showing any excuse for neglect, except that his counsel were occupied with other business, the motion was denied.

MOTION by complainant for leave to take testimony.

A replication was filed to defendant's answer, September 27th, 1843, but no order was entered for taking testimony, by either party, within the thirty days allowed by the fiftieth rule of the Court, after replication filed. Complainant states in his affidavit, that he has a good, just, and equitable claim, upon one or more of the defendants, and to the real estate mentioned and described in the bill of complaint, and alleged to have been conveyed by Jason Swift, one of the defendants, for the purpose of defrauding complainant, and other creditors. He also states the names of a number of witnesses, one of whom resides in Rochester, in the state of New York, all of whom, he swears, are material in support of his claim; and that he cannot safely proceed to a hearing on the merits, without the testimony of said witnesses, as he is informed by his counsel, and verily believes to be true. He further states, he made frequent application, to both his solicitor and counsel, to have his witnesses examined; and was told

by them they could not attend to it, within the time allowed by the rules of Court, in consequence of other business they had to attend to. This last statement is also verified by the affidavits of the solicitor and counsel.

*E. Farnsworth, Attorney General,* in support of the motion.

*R. S. Wilson,* contra.

THE CHANCELLOR. A poor excuse is given for not entering the order to take testimony. Thirty days are allowed for that purpose, after the cause is at issue by a replication; and the parties have sixty days to examine their witnesses in, after the order has been entered, and notice given to the adverse party; and the time may be enlarged once, on an *ex parte* application, if made before the sixty days have expired, and as much oftener, by giving notice to the opposite party, as the justice and equity of the case may require. Instead of pursuing this course, complainant's solicitor adopted one to suit his own convenience; and concluded to disregard the rules of Court, and neglect examining his witnesses, until he has time to attend to it.

I do not think the excuse sufficient. He was not taken by surprise; he was not ignorant of the rules of Court; he has not availed himself of the first opportunity to make his motion; and complainant's affidavit does not disclose what he expects to prove by his witness, that the Court may judge of the materiality of the testimony, and the merits of the application. It is the settled practice of this Court, in an affidavit of merits, to require the party to state what such merits are. 8 *Paige R.* 136. This complainant has failed to do. He says he has a good and equitable claim, and that he cannot safely proceed to a hearing, without the testimony of the witnesses mention-

ed in his affidavit, as he is advised by his counsel. He does not state what facts he expects to prove by them, that the Court may judge of their materiality. It is the established practice, on applications to set aside a default regularly entered, for not answering, to require defendant to exhibit the answer he proposes to file, or to state in his affidavit, fully, the merits of his defence ; and, where complainant has neglected to take testimony within the time allowed by the rules of the Court, I see no reason why he should not be required to make as strong a case to set aside the rules of Court, as the defendant to set aside a default. Such has been the practice. I have so ruled in a number of cases, and see no reason for departing from it now. An affidavit of merits must disclose the facts, or what a party expects and believes he will be able to prove by his witnesses. *Sea Insurance Company* v. *Day,* 9 *Paige R.* 247.

Motion denied.